**B104 (FORM 104) (08/07)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>GOE Lima, LLC Liquidating Trust | **DEFENDANTS**<br>Eurofins Scientific, Inc.<br>Eurofins Agrisearch Americas Inc.<br>[SEE ATTACHED FOR ADDRESSES] |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Beth A. Buchanan, Frost Brown Todd, LLC, 9277 Centre Pointe Drive, West Chester, Ohio 45069, (513) 870-8231 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Action to avoid and recover certain transfers pursuant to 11 U.S.C. §§ 105, 502, 544, 547, 548, 549, 550 and/or 1142 and Ohio Revised Code Chapter 1336

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 9,313.20 |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>GOE Lima, LLC | BANKRUPTCY CASE NO.<br>08-35508 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Ohio | DIVISION OFFICE<br>Toledo | NAME OF JUDGE<br>Mary Ann Whipple | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Beth A. Buchanan | | | |
| DATE<br>12/11/2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Beth A. Buchanan | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**Defendants:**
Eurofins Scientific, Inc.
8529 N. Dixie Dr., Suite 200
Dayton, OH 45414-2581

**Additional Address:**
4500 Wadsworth, Suite 110
Dayton, OH 45414-2581

And

Eurofins Agrisearch Americas Inc.
6100 Thornton Avenue, Suite 220
Des Moines, IA 50321

**Also Serve its Registered Agents:**
National Corporate Research Ltd
4568 Mayfield Road, Suite 213
Cleveland Ohio 44121

National Corporate Research Ltd.
604 Locust St, Ste 222
Des Moines, IA 50309

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO DIVISION

IN RE:  Case No. 08-35508

GOE LIMA, LLC.

DEBTOR.  Chapter 11
Judge Whipple

---

|  |  |
|---|---|
| GOE Lima, LLC Liquidating Trust ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| Eurofins Scientific, Inc. ) | |
| 8529 N. Dixie Dr., Suite 200 ) | |
| Dayton, OH 45414-2581 ) | |
| ) | |
| <u>Additional Address</u>: ) | |
| 4500 Wadsworth, Suite 110 ) | |
| Dayton, OH 45414-2581 ) | |
| ) | **Adversary Proceeding No.:** |
| And ) | |
| ) | |
| Eurofins Agrisearch Americas Inc. ) | _____ |
| 6100 Thornton Avenue, Suite 220 ) | |
| Des Moines, IA 50321 ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| <u>Also Serve its Registered Agents:</u> ) | |
| National Corporate Research Ltd | |
| 4568 Mayfield Road, Suite 213 ) | |
| Cleveland Ohio 44121 ) | |
| ) | |
| National Corporate Research Ltd. ) | |
| 604 Locust St, Ste 222 ) | |
| Des Moines, IA 50309 ) | |
| ) | |
| ) | |

1

**COMPLAINT TO AVOID AND RECOVER AVOIDABLE
TRANSFERS PURSUANT TO 11 U.S.C. §§ 105, 547, 548 AND/OR 549 AND 550; AND
PENDENT OR INCORPORATED BY 11 U.S.C. §544, THE OHIO UNIFORM
FRAUDULENT TRANSFER ACT, O.R.C. CHAPTER 1336;
AND TO DISALLOW CLAIM(S) PURSUANT TO 11 U.S.C. §502(d)**

Ronald E. Gold, not individually, but solely in his capacity as Liquidating Trustee (the "**Liquidating Trustee**") of the GOE Lima, LLC Liquidating Trust (the "**Liquidating Trust**" or "**Plaintiff**"), by the undersigned counsel, FROST BROWN TODD LLC, brings this *Complaint to Avoid and Recover Avoidable Transfers Pursuant to 11 U.S.C. §§ 105, 547, 548 and/or 549 and 550; and Pendent or Incorporated by 11 U.S.C. §544, The Ohio Uniform Fraudulent Transfer Act, O.R.C. Chapter 1336; and to Disallow Claim(s) Pursuant to 11 U.S.C. §502(d)* (the "**Complaint**") made to or for the benefit of Eurofins Scientific, Inc. and Eurofins Agrisearch Americas Inc. (individually and collectively, the "**Defendant**") and alleges:

## GENERAL BACKGROUND

1. On October 14, 2008 (the "**Petition Date**"), GOE Lima, LLC (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as may be amended (the "**Bankruptcy Code**").

2. On March 8, 2010, the Debtor and the Official Committee of Unsecured Creditors appointed in the above-captioned chapter 11 case (the "**Committee**") filed their proposed *First Amended Disclosure Statement of Debtor and Official Committee of Unsecured Creditors Pursuant to Section 1125 of the Bankruptcy Code With Regard to Joint Plan of Liquidation* [DE #611] (the "**Disclosure Statement**") and their *First Amended Joint Plan of Liquidation* [DE #612] (the "**Plan**"). Capitalized terms used but not defined in this Complaint shall have the same meanings ascribed to them in the Plan.

3. On July 8, 2010, the United States Bankruptcy Court for the Northern District of Ohio, Toledo Division (this **"Court"**) entered an order confirming the Plan [DE #671] (the **"Confirmation Order"**).

4. The Plan does not provide for payment in full of unsecured creditors.

5. The Plan provides in relevant part for the creation of the Liquidating Trust on the Effective Date to hold and effectuate an orderly liquidation and disposition of the Remaining Assets vested in the Liquidating Trust on the Effective Date and to distribute and pay over to the beneficiaries of the Liquidating Trust the Remaining Assets and the proceeds of the Remaining Assets in accordance with the Liquidating Trust Agreement and the terms of the Plan.

6. Pursuant to the Plan and the Confirmation Order, Ronald E. Gold is designated as the Liquidating Trustee of the Liquidating Trust. *See* Article 8.1 of the Plan and ¶10 of the Confirmation Order. After the Effective Date of the Plan, the Liquidating Trustee, on behalf of the Liquidating Trust, has the authority and standing, on behalf of the Debtor, its Estate and the Liquidating Trust to initiate any Causes of Action, including Avoidance Actions, in the name of and on behalf of the Debtor, its Estate and the Liquidating Trust. *See* Articles 8.2 and 10.4(a) of the Plan and ¶17 of the Confirmation Order.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the terms of the Plan and the Confirmation Order.

8. This adversary proceeding constitutes a core proceeding within the meaning of, *inter alia*, 28 U.S.C. § 157(b)(2), (A), (B), (F), (H) and (O).

9. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

10. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

11. This adversary proceeding is brought pursuant to sections 105, 502, 544, 547, 548, 549, 550 and/or 1142 of the Bankruptcy Code and Ohio Revised Code ("**O.R.C.**") Chapter 1336.

12. Upon information and belief, the Defendant is an entity, as defined in section 101(15) of the Bankruptcy Code, residing in and/or conducting business in the United States of America.

13. This Court has personal jurisdiction over the Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure and as a result of the Defendant's minimum contacts with the United States.

## STATEMENT OF FACTS

14. The Debtor, directly or indirectly, made transfers to or for the benefit of the Defendant, including without limitation those transfers set forth on **Exhibit A** attached hereto and specifically incorporated herein by reference, in the aggregate sum of $9,313.20, together with any other transfers that may be identified (collectively, the "**Transfers**"): (i) with respect to Count I of the Complaint, within ninety (90) days prior to the Petition Date or during the one (1) year period prior to the Petition Date if the Defendant was an insider; (ii) with respect to Count II of the Complaint, within two (2) years prior to the Petition Date; (iii) with respect to Count III of the Complaint, after the Petition Date; and/or (iv) with respect to Count IV of the Complaint, within four (4) years prior to the date of the Complaint (the "**Transfer Period**").

15. **Exhibit A** reflects Plaintiff's current knowledge of the transfers (made by check, wire transfer or their equivalent) to Defendant during the Transfer Period. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made

to Defendant during the Transfer Period. It is Plaintiff's intention to avoid and recover all such transfers, whether such transfers are presently reflected on **Exhibit A** or not. Accordingly, the Plaintiff reserves the right to supplement and/or amend this information as necessary and appropriate.

## CLAIMS FOR RELIEF

### COUNT I

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))**

16. The preceding paragraphs of this Complaint are incorporated by reference as if fully rewritten herein.

17. During the ninety (90) days prior to the Petition Date or during the one (1) year period prior to the Petition Date if the Defendant was an insider, the Debtor directly or indirectly transferred the aggregate sum of $9,313.20 to the Defendant, for payment of corresponding pre-petition amounts owing to the Defendant as a result of credit extended to the Debtor by Defendant in connection with the business relationship described below, which Transfers are described more fully in **Exhibit A** attached hereto and incorporated herein.

18. Prior to receiving the Transfers, the Defendant was a vendor, supplier or otherwise maintained a business relationship with the Debtor, pursuant to which the Defendant provided goods and/or services to the Debtor for which it was owed money by the Debtor at the time of the Transfers.

19. The Transfers identified in **Exhibit A** were cash funds of the Debtor that were disbursed by or for the benefit of the Debtor and therefore constitute an interest of the Debtor in property. The Transfers therefore diminished the value of the Debtor's chapter 11 estate by the amount of the Transfers.

20. Because the Transfers were made in payment of corresponding pre-petition amounts owing to the Defendant as a result of credit extended to the Debtor by Defendant in connection with the business relationship described above, the Transfers were made by the Debtor to or for the benefit of the Defendant as a creditor of the Debtor, for or on account of antecedent debt owed by the Debtor before the Transfers were made.

21. The Debtor was insolvent at the time of the Transfers and upon the Petition Date.

22. The assets of the Debtor are insufficient to satisfy the claims of its creditors. The secured and unsecured claims of creditors of the Debtor have not been and will not be paid in full. No additional assets would have been available for distribution in a chapter 7 proceeding of the Debtor. Therefore, the Transfers by the Debtor to the Defendant that were made to or for the benefit of the Defendant, enabled the Defendant to receive more than the Defendant would have received on account of the antecedent debt if the Debtor's chapter 11 proceeding was a proceeding under chapter 7 of the Bankruptcy Code, the Transfers had not been made, and the Defendant received payment of such debt to the extent provided for by the provisions of the Bankruptcy Code.

23. The Plaintiff may avoid the Transfers made to the Defendant, pursuant to section 547(b) of the Bankruptcy Code.

24. Accordingly, the Plaintiff is entitled to judgment against the Defendant avoiding the Transfers.

## COUNT II
**(Avoidance of Transfers as Fraudulent Transfers Pursuant to 11 U.S.C. § 548)**

25. Pleading in the alternative, the preceding paragraphs of this Complaint are incorporated by reference as if fully rewritten herein.

26. The Transfers were made on or within two (2) years prior to the Petition Date to or for the benefit of the Defendant.

27. The Transfers constituted property in which the Debtor had an interest.

28. To the extent the Transfers were made by the Debtor to the Defendant with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became, on or after the date that such Transfer was made, indebted, the Plaintiff may avoid the Transfers made to the Defendant, pursuant to section 548(a)(1)(A) of the Bankruptcy Code.

29. In the alternative, to the extent the Transfers were made by the Debtor to the Defendant were in payment of goods and/or services provided to non-debtor entities or were not otherwise reasonably equivalent to the value of the Transfers, the Debtor did not receive reasonably equivalent value in exchange for the Transfers.

30. On the date that each such Transfer was made, the Debtor: (a) was insolvent or became insolvent as a result of same; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (c) intended to incur, or believed that the Debtor would incur, debts that would be beyond its ability to pay as such debts matured.

31. The Plaintiff may avoid the Transfers made to the Defendant, pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

32. Accordingly, the Plaintiff is entitled to judgment against the Defendant avoiding the Transfers.

## COUNT III
**(Avoidance of Post-Petition Transfers Pursuant to 11 U.S.C. § 549(a))**

33. Pleading in the alternative, the preceding paragraphs of this Complaint are incorporated by reference as if fully rewritten herein.

7

34. After the Petition Date, to the extent the Debtor transferred and/or caused the Transfers to be transferred, to or for the benefit of the Defendant, each of those Transfers represented payments by the Debtor to the Defendant for services rendered and/or goods delivered prior to the Petition Date.

35. The Transfers constitute one or more post-petition transfers of property of the Debtor's estate that is authorized only under section 303(f) or section 542(c) of the Bankruptcy Code or is not authorized under the Bankruptcy Code or by this Court.

36. Based on the foregoing, the Plaintiff is entitled to avoid the Transfers pursuant to section 549(a) of the Bankruptcy Code.

## COUNT IV

**(Avoidance and Recovery of Transfers as Fraudulent Transfers Pursuant to 11 U.S.C. § 544 and O.R.C. Chapter 1336 Uniform Fraudulent Transfer Act)**

37. Pleading in the alternative, the preceding paragraphs of this Complaint are incorporated by reference as if fully rewritten herein.

38. Prior to the Petition Date and through the date thereof, transfers of money or other property belonging to the Debtor were made to or for the benefit of the Defendant, including, but are not limited to, the Transfers to the Defendant listed in **Exhibit A**.

39. O.R.C. Chapter 1336 is the Uniform Fraudulent Transfer Act as adopted by the State of Ohio (**"UFTA"**).

40. The Transfers were made to or for the benefit of Defendant of the Debtor's property were made while the Debtor was insolvent and without fair consideration.

41. The Transfers made by the Debtor to or for the benefit of the Defendant were made either: (1) with the actual intent to hinder, delay, or defraud a creditor of the Debtor and the Defendant did not take the Transfers in good faith or for reasonably equivalent value; or (2)

without the Debtor receiving a reasonably equivalent value in exchange for the Transfers, when (a) the Debtor was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction or (b) the Debtor intended to incur or believed or reasonably should have believed it would incur, debts beyond its ability to pay as they became due.

42. O.R.C. § 1336.04 deems these Transfers to be fraudulent as to the Plaintiff. Accordingly, the Plaintiff may avoid the Transfers deemed fraudulent under O.R.C. § 1336.04 and recover these monies into the bankruptcy estate for the benefit of all creditors. Based upon the foregoing, Plaintiff requests this Court to determine that pursuant to sections 544(a) and 544(b) of the Bankruptcy Code and O.R.C. §§ 1336.04 and 1336.07, the Transfers are void and that judgment be rendered requiring the Defendant to repay the amount of the Transfers to Plaintiff on behalf of the Debtor's bankruptcy estate.

43. The Transfers were made to or for the benefit of Defendant without the Debtor receiving a reasonably equivalent value in exchange for the Transfers, when (a) the Debtor was insolvent at the time of the Transfers or (b) the Debtor became insolvent as a result of the Transfers.

44. O.R.C. § 1336.05 deems the Transfers to be fraudulent as to the Plaintiff.

45. The Plaintiff may avoid the Transfers and recover these monies for the benefit of the Debtor's bankruptcy estate and creditors.

46. Based upon the foregoing, Plaintiff requests this Court to determine that pursuant to sections 544(a) and 544(b) of the Bankruptcy Code and O.R.C. §§ 1336.05 and 1336.07, the Transfers are void and that judgment be rendered requiring the Defendant to repay the amount of the Transfers to Plaintiff on behalf of the Debtor's bankruptcy estate, in the actual amount of the

9

Transfers, to be determined through discovery, but being not less than the total amount set forth on **Exhibit A**.

## COUNT V
**(Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)**

47. The preceding paragraphs of this Complaint are incorporated by reference as if fully rewritten herein.

48. The Defendant as the recipient of the Transfers is a transferee as that term is defined in section 550(a) of the Bankruptcy Code.

49. Pursuant to section 550 of the Bankruptcy Code, the Plaintiff is entitled to recover from the Defendant, or any immediate or mediate transferee of the Defendant, the Transfers or the value of the Transfers avoided under sections 544, 547, 548 and/or 549 of the Bankruptcy Code for the benefit of the Debtor's estate.

50. Accordingly, the Plaintiff is entitled to judgment against the Defendant awarding the Transfers or their value to the Plaintiff, for the benefit of the Debtor's estate, plus pre-judgment interest, post-judgment interest, costs and attorney's fees.

## COUNT VI
**(Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))**

51. The preceding paragraphs of this Complaint are incorporated by reference as if fully rewritten herein.

52. Section 502(d) of the Bankruptcy Code provides, in relevant part, that the claim of any entity or transferee receiving a payment that is avoidable under sections 544, 547, 548 or 549 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment, or value of the payment, to the estate.

53. The Defendant is the transferee of the Transfers.

54. The Defendant has not paid or surrendered to the Plaintiff the Transfers.

55. Defendant has or may claim to have a claim or claims against the Debtor's estate.

56. The Plaintiff objects to any and all such claims of the Defendant, including without limitation, all pre-petition and post-petition claims, pursuant to section 502(d) of the Bankruptcy Code.

57. The Plaintiff is entitled to judgment against the Defendant disallowing all claims of the Defendant unless and until Defendant returns all amounts due to the estate as provided by section 502(d) of the Bankruptcy Code and any other separately filed objections to such claims are resolved.

## RESERVATION OF RIGHTS

58. The Plaintiff reserves the right to bring all other claims or causes of action that the Plaintiff might have against the Defendant, on any and all grounds, as allowed under the law or in equity.

WHEREFORE, the Plaintiff respectfully requests that this Court enter relief and judgment in the Plaintiff's favor and against the Defendant as follows:

(a) Declaring that the Transfers identified herein (and any other Transfers from the Debtor to the Defendant during the Transfer Period, or during the one (1) year period prior to the Petition Date if the Defendant was an insider, that discovery may reveal) are avoided and set aside as preferences under section 547 of the Bankruptcy Code;

(b) Declaring that the Transfers identified herein (and any other Transfers from the Debtor to the Defendant within two years of the Petition Date) that were made with actual intent to hinder, delay, or defraud any entity to which the Debtor

was or became, on or after the date that such Transfer was made, indebted and/or for which the Debtor did not receive reasonably equivalent value are avoided and set aside as fraudulent transfers under section 548 of the Bankruptcy Code;

(c)     Declaring that the Transfers identified herein (and any other Transfers from the Debtor to the Defendant subsequent to the Petition Date that discovery may reveal) are avoided and set aside as post-petition transfers under section 549 of the Bankruptcy Code;

(d)     Declaring that the Transfers identified herein (and any other Transfers from the Debtor to the Defendant within four years of the date of the Complaint) that were made with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became, on or after the date that such Transfer was made, indebted and/or for which the Debtor did not receive reasonably equivalent value are avoided and set aside as fraudulent transfers under section 544 of the Bankruptcy Code and O.R.C. §§ 1336.04, 1336.05 and 1336.07;

(e)     Directing and ordering that the Defendant, or any immediate or mediate transferee of the Defendant, turn over to the Plaintiff the full amount of or value of the Transfers (and any other avoided Transfers discovered after the date of this Complaint) pursuant to section 550 of the Bankruptcy Code;

(f)     Awarding judgment against the Defendant and in favor of Plaintiff in an amount equal to:

(i)     The full amount of the Transfers (and any other avoided Transfers discovered after the date of this Complaint);

12

(ii) Pre-judgment interest at the at the average of the Federal Reserve Board prime rate from the Demand Date (as hereafter defined) until entry of judgment herein running from the time of demand for the return of the Transfers (the **"Demand Date"**) until the date of judgment herein;

(iii) Post-judgment interest at the rate provided under 28 U.S.C. § 1961(a) running from the date of judgment herein until the date the judgment is paid in full; and

(iv) Fees and costs incurred by Plaintiff in this suit;

(g) Disallowing any and all claims of the Defendant against the Debtor's estate under section 502(d) of the Bankruptcy Code; and

(h) Such other and further relief as is necessary and proper.

Dated: December 11, 2010

Respectfully submitted,
**FROST BROWN TODD LLC**

By: */s/ Beth A. Buchanan*
Beth A. Buchanan (0068430)
9277 Centre Pointe Dr., Suite 300
West Chester, Ohio 45069
(513) 870-8231– Telephone
(513) 870-0999 – Facsimile
bbuchanan@fbtlaw.com - Email

**ATTORNEYS FOR THE GOE LIMA, LLC LIQUIDATING TRUST**

13

# EXHIBIT A

| Name of Creditor | Payment Date | Transaction Type | Amount Paid |
|---|---|---|---|
| Eurofins | 07/30/08 | 004197 | $3,750.00 |
| Eurofins | 09/25/08 | 004473 | $5,563.20 |
|  |  |  | **$9,313.20** |

CINLibrary 0120327.0580304   2221506v1